UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

AARON PERRY WILLIAMS,

                Defendant.

_____/

Case No. 2:21-cr-20032

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING
MOTION FOR COMPASSIONATE RELEASE [40]**

Defendant Aaron Perry Williams moved for compassionate release under the First Step Act. ECF 40. The Court denied Defendant's first compassionate release motion, ECF 32, because he failed to exhaust his administrative remedies. ECF 38. Since then, Defendant has exhausted his administrative remedies. ECF 40, PgID 289–93. Because the motion is a mere renewal of the first compassionate release motion that the Government already responded to, ECF 34, the Court will not order another Government response. The Court will also not hold a hearing on the motion. E.D. Mich. L.R 7.1(f)(1). For the following reasons, the Court will deny the motion for compassionate release.

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) he has exhausted all administrative remedies, or (2) thirty days have passed since the warden received Defendant's request for the Bureau of Prisons to bring a motion on his behalf. 18 U.S.C.

1

§ 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (alteration in original) (quoting § 3582(c)(1)(A)). Because Defendant has exhausted his request for compassionate release, ECF 40, PgID 289–93, he must satisfy "three substantive requirements" for the Court to grant compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).

First, the Court must "find[] that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* at 1003 (quoting § 3582(c)(1)(A)(i)). Second, the Court must "find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005 (quoting § 3582(c)(1)(A) (alterations omitted)). *But see United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021) (explaining that district courts "may now 'skip step two'" because there is no applicable policy statement) (quoting *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020)). And third, the Court must consider the applicable § 3553(a) sentencing factors. *Ruffin*, 978 F.3d at 1005 (quoting § 3582(c)(1)(A)).

For the first requirement, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in sentence. § 3582(c)(1)(A)(i). "[D]istrict courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1111; *Ruffin*, 978 F.3d at 1007).

"Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling.'" *United States v. Powell*, No. 2:12-cr-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17,

2021) (Murphy, J.) (collecting cases). An "extraordinary and compelling reason" for compassionate release is one that is "beyond what is common, and the forcefulness of the evidence tends to convince the Court to release the inmate." *Id.* (internal quotation marks and quotations omitted). "Put another way, an extraordinary and compelling reason is one that is beyond what is usual, customary, regular, or common, and is so great that irreparable harm or injustice would result if the relief is not granted." *Id.* (cleaned up).

Defendant claimed that the COVID-19 virus threatens his delicate health and livelihood because the warden at his prison is not doing enough to stop the spread of the virus. ECF 40, PgID 284–85. But Defendant's COVID-19 concerns are not extraordinary or compelling. The Sixth Circuit has held "that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). Because Defendant has refused the COVID-19 vaccine, ECF 37, PgID 253 (under seal), his COVID-19 concerns are not "extraordinary and compelling." As a result, the Court will deny the compassionate release motion.

**WHEREFORE**, it is hereby **ORDERED** that the motion for compassionate release [40] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 4, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 4, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

4